Wachtler, J.
(concurring). I concur in the result reached by the majority today. I am pleased by the awareness shown by our court of the necessity for developing the class action. However, I cannot join with the majority’s strained attempt to make it appear as though our court has been involved in a “ continuing development and definition of the appropriate sphere of class actions ”. In fact, this State’s class action policy has lacked development and has been unclear and inconsistent. We have certified classes with unknown members, different damages and some significant management problems (see, e.g., Case v. Indian Motocycle Co., 300 N. Y. 513) and refused to certify classes that were "tight and extremely easy to manage (see, e.g., Moore v. Metropolitan Life Ins. Co., 33 N Y 2d 304, 313).
In addition, I find it difficult to discern how the recent United States Supreme Court case of Eisen v. Carlisle & Jacquelin (42 U. S. L. W. 4804 [May 28,1974], vacating 479 F. 2d 1005), would be, as the majority states, “ irrelevant to this State court action ” though “ quite informative and useful.” The major *157 thrust of the Bisen decision related to notice and turned for the most part, on the inflexible sui generis wording of rule 23 mandating that notice be sent to all individuals who can be located with reasonable effort. It would, therefore, not be instructive to our class action statute which contains no such strict wording. Indeed, the majority has quite correctly and importantly pointed out that “ CPLR 1005 makes no reference to the giving of notice to all members of the class of the pendency of the action. In that respect it is unlike rule 23 of the Federal Rules of Civil Procedure ”.
To the extent, if at all, that Eisen does turn on constitutional considerations it is not “ irrelevant ” and “ informative ” as the majority states but, rather, binding on this court,
I agree that the broad, flexible class action guidelines spelled out in Federal rule 23 are helpful general guidelines for class actions in this State. However, Eisen dealt with a specific, narrow, inflexible mandate of rule 23 which, as the majority points out, is “ unlike ” our class action rule. The general guidelines of rule 23, on the other hand, such as a finding that a class action is a superior method of proceeding, have been used by this court as guidelines for our State class actions. (See, e.g., Hall v. Coburn Corp. of Amer., 26 N Y 2d 396, the public policy inherent in the instant class action could best be enforced by a State administrative agency.)
Since I disagree in significant respect with the analysis and reasoning utilized in portions of the majority’s decision, I cannot join in the court’s opinion. However, I would emphasize that I strongly indorse the result reached by the majority. Though legislative action in this area is preferable, it is salutary that this court appears finally to have taken the beneficial step of removing the legal straitjacket from the very flexible wording employed by our class action statute. (See Moore v. Metropolitan Life Ins. Co., 33 N Y 2d 304, 313-314, Wachtler, J. dissenting.)
Judges Jasen, G-abbielli, Jones and Rabin concur with Chief Judge Bbeitel ; Judge Wachtleb concurs in result in a separate opinion; Judge Stevens taking no part.
Order affirmed, with costs. Question certified answered in the affirmative.